# Exhibit B



# Florence County
# Twelfth Judicial Circuit
# Public Index



Florence County Home Page   South Carolina Judicial Department Home Page   SC.GOV Home Page

Switch View

## Detron Antonio Brown VS Onemain Financial Group Llc , defendant, et al

| Case Number: | 2026CP2100542 | Court Agency: | Common Pleas Court | Filed Date: | 03/11/2026 |
|---|---|---|---|---|---|
| Case Type: | Common Pleas | Case Sub Type: | Unfair Trade Pra 640 | File Type: | Mediator - Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | |
| Disposition: | | Disposition Date: | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | |
| Judgment Number: | | Court Roster: | | | |

## Case Parties

Click the ⊗ icon to show associated parties.

| Name | Address | Race | Sex | Year Of Birth | Party Type | Party Status | Last Updated |
|---|---|---|---|---|---|---|---|
| Bank Of America Na | | | | | Defendant | | 03/11/2026 |
| ⊗ Brown, Detron Antonio | | | | | Plaintiff | | 03/11/2026 |
| ⊗ Maxfield, David Andrew | | | | | Plaintiff Attorney | | 03/11/2026 |
| Onemain Financial Group Llc | | | | | Defendant | | 03/11/2026 |

## Actions

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Brown, Detron Antonio | ADR/Alternative Dispute Resolution (Clerk Workflow) | Action | | 10/07/2026-10:49 | | |
| Brown, Detron Antonio | NEF(03-30-2026 12:03:31 PM) Service/Certificate Of Servi... | Filing | | 03/30/2026-12:40 | | 📄 |
| Brown, Detron Antonio | NEF(03-30-2026 11:58:37 AM) Service/Certificate Of Servi... | Filing | | 03/30/2026-12:40 | | 📄 |
| Brown, Detron Antonio | Service/Certificate Of Service Certified Mail on Bank Of Ame | Filing | | 03/30/2026-12:03 | | 📄📄📄📄 |
| Brown, Detron Antonio | Service/Certificate Of Service Certified Mail on Onemain Fin | Filing | | 03/30/2026-11:58 | | 📄📄📄📄 |
| Brown, Detron Antonio | Summons & Complaint | Filing | | 03/11/2026-10:49 | | 📄 |

## Financials

| Summary | | | | | |
|---|---|---|---|---|---|
| Fine/Costs: | $150.00 | Total Paid for fine/costs: | $150.00 | Balance Due: | $0.00 |

| Costs |
|---|

| Description | Cost Code | Amount | Charge Action | Disbursed Amount |
|---|---|---|---|---|
| Civil Filing Fee State 56% | CVFFST | $56.00 | | $56.00 |
| Civil Filing Fee County 44%/100% | CVFFCN | $44.00 | | $44.00 |
| SCJD Filing Fee Proviso $50 / $25 | SCJDPV | $50.00 | | $50.00 |

| Payments | | | | |
|---|---|---|---|---|
| Payment Date | Receipt Number | Entered By | Transaction Type Code | Payment Amount |
| 03/11/2026 | 101801 | c21agreg | PY | $150.00 |

CMSWeb 7.2 © 2026 South Carolina Judicial Branch • All rights reserved

ELECTRONICALLY FILED - 2026 Mar 11 10:49 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | TWELFTH JUDICIAL CIRCUIT |
| DETRON ANTONIO BROWN, | |
| Plaintiff, | |
| -vs- | Case No. |
| ONEMAIN FINANCIAL GROUP, LLC, and BANK OF AMERICA, N.A. | **<u>SUMMONS</u>** |
| Defendants. | |

TO:     THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint.  If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

_____
Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: March 11, 2026

ELECTRONICALLY FILED - 2026 Mar 11 10:49 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | TWELFTH JUDICIAL CIRCUIT |
| **DETRON ANTONIO BROWN,** | |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **ONEMAIN FINANCIAL GROUP, LLC, and BANK OF AMERICA, N.A.,** | **(Jury Trial Requested)** |
| Defendants. | |

Plaintiff Detron Antonio Brown, by and through undersigned counsel, brings this action against Defendants One Main Financial Group, LLC and Bank of America, N.A. for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the South Carolina Identity Theft Protection Act, S.C. Code Ann. § 37-20-170.

## PARTIES AND JURISDICTION

1. Plaintiff Detron Antonio Brown is an adult individual and consumer as defined by 15 U.S.C. § 1681a(c). He resides at 1498 Summergate Drive, Florence, South Carolina 29501, within the jurisdiction of this Court.

2. Defendant OneMain Financial Group, LLC ("OneMain") is a foreign limited liability company engaged in consumer lending, with its principal place of business in Evansville, Indiana. OneMain is a "furnisher of information" under 15 U.S.C. § 1681s-2 and regularly furnishes consumer credit information to consumer reporting agencies throughout the United States, including in South Carolina.

3. Defendant Bank of America, N.A. ("Bank of America") is a national banking association engaged in consumer banking and credit, with its principal place of business in Charlotte, North Carolina. Bank of America is a "furnisher of information" under 15 U.S.C. § 1681s-2 and regularly furnishes consumer credit information to consumer reporting agencies throughout the United States, including in South Carolina.

1

ELECTRONICALLY FILED - 2026 Mar 11 10:49 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p, which provides for jurisdiction in any court of competent jurisdiction, and pursuant to S.C. Code Ann. § 37-20-170, which provides a private right of action in state court.

5. Venue is proper in this Court because Plaintiff resides in Florence County, and the harm occurred in this judicial district.

## FACTS

### The Identity Theft

6. On or around November 21, 2024, Plaintiff became the victim of identity theft when, upon information and belief, his child's mother, Tynetra Latavia Greene, fraudulently used his personal information to open financial accounts without his knowledge or consent.

7. Ms. Greene had previously lived with Plaintiff. During that time, she obtained access to his personal identity documents—including his Social Security number, driver's license, and other identifying information.

8. Without Plaintiff's knowledge or authorization, Ms. Greene used his identity to open a personal loan with OneMain Financial in the amount of $15,950.79. The account number ends in *1185 and was opened November 21, 2024.

9. Without Plaintiff's knowledge or authorization, Ms. Greene also used his identity in connection with a Bank of America credit card account. The account number ends in *0317 and was opened July 5, 2019.

10. On December 16, 2024, Plaintiff discovered the fraudulent accounts on his credit report. He immediately reported the identity theft to the Florence County Sheriff's Office and filed a police report documenting the fraud. The report was assigned Case Number 2024-12-0362.

11. On May 23, 2025, Ms. Greene was arrested for fraud related to this and other identity theft schemes. During questioning, she admitted to having access to Plaintiff's identity documents and acknowledged her role in the fraudulent transactions, including opening accounts in Plaintiff's name without his authorization.

### The Disputes

12. On July 9, 2025, Plaintiff sent written disputes to Experian, TransUnion, and Equifax. He provided copies of the police report, an identity theft affidavit, and proof of identity. He requested that the fraudulent OneMain and Bank of America accounts be blocked from his credit reports pursuant to 15 U.S.C. § 1681c-2.

2

ELECTRONICALLY FILED - 2026 Mar 11 10:49 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

13. Upon receiving Plaintiff's disputes, each consumer reporting agency notified the relevant furnisher pursuant to 15 U.S.C. § 1681i(a)(2), triggering each furnisher's obligations under 15 U.S.C. § 1681s-2(b).

14. Experian initially blocked the disputed accounts from Plaintiff's credit report, recognizing the dispute satisfied the requirements of 15 U.S.C. § 1681c-2.

15. TransUnion's credit report dated August 13, 2025, contains no trace of the fraudulent OneMain or Bank of America accounts, reflecting that TransUnion properly handled the dispute.

16. Innovis similarly blocked both accounts from Plaintiff's report. On August 13, 2025, Innovis confirmed in writing: "Blocked - The item(s) listed below have been blocked from your Innovis Credit Report: ONEMAIN 4...1185" and "BANK OF AMERICA 4...0317."

**OneMain's Unreasonable Investigation**

17. OneMain received notice of Plaintiff's identity theft dispute from Equifax via Automated Consumer Dispute Verification ("ACDV"). The dispute was expressly coded as: "CLAIMS TRUE IDENTITY FRAUD - ACCOUNT FRAUDULENTLY OPENED INITIATE INVESTIGATION."

18. Despite this express notice of identity fraud, OneMain responded to the ACDV on August 4, 2025, with the code: "Verified as Reported." OneMain took no steps to delete or modify the account.

19. OneMain's investigation was unreasonable. It consisted of nothing more than a review of the very documents the identity thief used to open the fraudulent account—documents that would be available to any identity thief who successfully opened an account in the victim's name. A forged or fraudulently obtained application does not disprove identity theft; it is precisely what an identity theft victim would expect a thief to submit.

20. In connection with Experian's handling of the dispute, OneMain submitted a block rescission request on July 28, 2025. OneMain cited as supporting evidence: (1) an original or copy of a signed contract, and (2) a copy of consumer identification submitted by the consumer at the time of application. These are documents the identity thief herself obtained and submitted. They constitute no meaningful proof that Plaintiff authorized or was aware of the account.

21. OneMain's response verified a fraudulent address—230 N. Ebenezer Road, Florence, SC 29501-7505. This was the identity thief's address and had been used by Ms. Greene to open accounts in Plaintiff's name. OneMain verified it as part of Plaintiff's identifying information, demonstrating that OneMain failed to conduct any meaningful comparison of the dispute information against its records.

3

ELECTRONICALLY FILED - 2026 Mar 11 10:49 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

22. OneMain's investigation failed to consider the police report, the criminal charges and arrest warrants against Ms. Greene, her confession, the pattern of the account going 180 days past due within months of opening (consistent with identity theft), or Plaintiff's consistent position that he was a victim.

23. As a result of OneMain's verification, the fraudulent account was reinserted onto Plaintiff's Equifax credit report with a balance of $19,562 and $3,152 past due, continuing to damage Plaintiff's credit.

**Bank of America's Unreasonable Investigation**

24. Bank of America received notice of Plaintiff's identity theft disputes from the consumer reporting agencies, triggering its duties under 15 U.S.C. § 1681s-2(b).

25. Rather than conducting a reasonable investigation, Bank of America submitted a block rescission request to Experian on September 16, 2025. Bank of America cited as sole supporting evidence: "Account payment documentation (e.g.: Signed, canceled check, signed ACH authorization and debt from Consumer's bank account)."

26. The use of "payment documentation" as proof that Plaintiff authorized the Bank of America account is unreasonable as a basis for concluding that a disputed account is not the product of identity theft. Payment documentation reflects only that payments were made on the account— it does not establish that Plaintiff was the person who made or authorized those payments, particularly where the identity thief had access to Plaintiff's personal and financial information.

27. Bank of America's block rescission caused Experian to re-add the fraudulent Bank of America account to Plaintiff's credit report, notwithstanding the clear identity theft documentation Plaintiff had provided.

28. Bank of America's investigation failed to consider the police report, the criminal arrest and confession, the fact that TransUnion and Innovis had blocked these same accounts based on identical documentation, or Plaintiff's clear assertion that he never opened, used, or authorized the account.

**Harm to Plaintiff**

29. As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff has suffered damage to his credit score and creditworthiness, denial of credit or credit on unfavorable terms, emotional distress, time and expense correcting the fraudulent reporting, and ongoing harm from the continued presence of these fraudulent accounts on his credit file.

ELECTRONICALLY FILED - 2026 Mar 11 10:49 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

**FOR A FIRST CAUSE OF ACTION**

**(Negligent Violations of the FCRA, 15 U.S.C. § 1681s-2(b), Against All Defendants)**

30. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

31. The FCRA, at 15 U.S.C. § 1681s-2(b), imposes specific duties on furnishers upon receipt of notice of a consumer dispute from a consumer reporting agency. A furnisher must investigate, review all relevant information provided by the consumer reporting agency, report the results, and modify, delete, or permanently block the reporting of information found to be incomplete or inaccurate.

32. OneMain received notice from Equifax of Plaintiff's identity theft dispute expressly coded as "CLAIMS TRUE IDENTITY FRAUD - ACCOUNT FRAUDULENTLY OPENED INITIATE INVESTIGATION," triggering its duties under 15 U.S.C. § 1681s-2(b).

33. OneMain negligently failed to conduct a reasonable investigation. OneMain relied solely on documents used to open the account—documents the identity thief herself submitted—as proof the account was legitimate. OneMain failed to review the police report and identity theft documentation. OneMain verified a fraudulent address associated with the identity thief as Plaintiff's address without meaningful scrutiny. And OneMain returned a "Verified As Reported" response on an account that was the product of identity fraud.

34. Bank of America received notice of Plaintiff's identity theft disputes from one or more consumer reporting agencies, triggering its duties under 15 U.S.C. § 1681s-2(b).

35. Bank of America negligently failed to conduct a reasonable investigation. Bank of America relied on "payment documentation" as proof the account was legitimate without determining who made the payments or whether Plaintiff authorized them. Bank of America failed to review the police report and identity theft documentation. And Bank of America submitted a block rescission that caused the fraudulent account to be re-reported to Plaintiff's detriment.

36. Each Defendant's investigation was objectively unreasonable given the police report, the arrest and confession of the identity thief, the pattern of delinquency consistent with fraud, and the fact that TransUnion and Innovis properly handled identical disputes based on the same documentation.

37. As a direct and proximate result of Defendants' negligent violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages as described herein, and is entitled to recovery under 15 U.S.C. § 1681o.

5

ELECTRONICALLY FILED - 2026 Mar 11 10:49 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

## FOR A SECOND CAUSE OF ACTION

### (Willful Violations of the FCRA, 15 U.S.C. § 1681s-2(b), Against All Defendants)

38. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

39. Defendants' violations of 15 U.S.C. § 1681s-2(b) were willful within the meaning of 15 U.S.C. § 1681n, in that Defendants acted with reckless disregard for Plaintiff's rights under the statute. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007).

40. OneMain's conduct was willful. OneMain received express notice that the dispute involved "TRUE IDENTITY FRAUD" and that an investigation was required, yet it merely verified the existence of documents the identity thief herself submitted. OneMain knew or should have known that a signed application or identification documents do not disprove identity theft— identity thieves routinely submit fraudulent or forged documents to open accounts. OneMain disregarded the police report, the arrest and confession, and the pattern of delinquency consistent with fraud. OneMain's conduct was objectively unreasonable given the well-established legal standard that a furnisher's investigation must be adequate under the totality of the circumstances.

41. Bank of America's conduct was willful. Bank of America relied exclusively on "payment documentation" to rescind the block when it knew or should have known that such documentation does not establish that Plaintiff authorized the account or the payments. Bank of America disregarded the police report, arrest, and confession that established identity theft as objective fact. Bank of America submitted a block rescission even though TransUnion and Innovis had properly blocked the same account based on the same documentation. Bank of America's investigation was objectively unreasonable and demonstrated reckless disregard for Plaintiff's statutory rights.

42. Defendants' conduct was objectively unreasonable given the express identity fraud coding on the dispute, the police report and arrest and confession of Ms. Greene, the comparator evidence showing TransUnion and Innovis properly blocked these same accounts using identical documentation, and the well-established principle that the mere existence of an application or payment record does not disprove identity theft.

43. As a direct and proximate result of Defendants' willful violations of 15 U.S.C. § 1681s-2(b), Plaintiff is entitled to actual damages, statutory damages of not less than $100 nor more than $1,000 per violation, punitive damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

**FOR A THIRD CAUSE OF ACTION**

**(Violations of the South Carolina Identity Theft Protection Act, S.C. Code Ann. § 37-20-170, Against All Defendants)**

44. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

45. The South Carolina Identity Theft Protection Act, S.C. Code Ann. § 37-20-170, provides that a person who suffers any ascertainable loss of money or property as a result of a violation of the Act may bring an action for recovery of actual damages or two hundred dollars, whichever is greater, plus an amount equal to three times the actual damages sustained, along with reasonable attorneys' fees.

46. Plaintiff is a "consumer" as defined under South Carolina law and a resident of this State.

47. Plaintiff is a victim of identity theft as that term is understood under South Carolina law, having had his personal identifying information misappropriated by Ms. Greene to fraudulently open accounts in his name.

48. Defendants, as furnishers of consumer credit information, were on actual notice of Plaintiff's identity theft through the disputes, police report, identity theft affidavit, and the express identity fraud coding on the ACDV disputes transmitted to them.

49. Defendants violated the South Carolina Identity Theft Protection Act by continuing to furnish and report information they knew or should have known was the product of identity theft, thereby perpetuating the harm caused to Plaintiff by the identity theft, damaging his credit, and preventing him from obtaining relief to which he was entitled.

50. Defendants' continued reporting of fraudulent account information—after receiving notice of the identity theft and the specific documentation supporting it—constitutes an unfair and deceptive act or practice causing Plaintiff ascertainable loss.

51. As a direct and proximate result of Defendants' violations of S.C. Code Ann. § 37-20-170, Plaintiff has suffered ascertainable losses including damage to his credit, emotional distress, time and expense spent correcting the fraud, and inability to obtain credit on favorable terms.

52. Plaintiff is entitled to recover actual damages or two hundred dollars, whichever is greater, treble damages, reasonable attorneys' fees, and any other relief this Court deems appropriate.

7

ELECTRONICALLY FILED - 2026 Mar 11 10:49 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

ELECTRONICALLY FILED - 2026 Mar 11 10:49 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Detron Antonio Brown respectfully requests that this Court enter judgment in his favor and against Defendants OneMain Financial Group, LLC and Bank of America, N.A., jointly and severally where applicable, and award the following relief:

a. Actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. §§ 1681n and 1681o and S.C. Code Ann. § 37-20-170;

b. Statutory damages of not less than $100 nor more than $1,000 per willful violation pursuant to 15 U.S.C. § 1681n;

c. Punitive damages in an amount to be determined at trial for willful violations of the FCRA pursuant to 15 U.S.C. § 1681n;

d. Treble damages pursuant to S.C. Code Ann. § 37-20-170;

e. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o and S.C. Code Ann. § 37-20-170;

f. An order directing Defendants to correct their reporting to all consumer reporting agencies by permanently deleting all references to the fraudulent OneMain account ending in *1185 and the fraudulent Bank of America account ending in *0317 from Plaintiff's consumer credit file;

g. An order directing Defendants to cease and desist from reporting the fraudulent accounts as belonging to Plaintiff; and

h. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq.
SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

March 9, 2026

ELECTRONICALLY FILED - 2026 Mar 30 12:03 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE


DETRON ANTONIO BROWN,

                Plaintiff,

  Vs.

ONEMAIN FINANCIAL GROUP, LLC and
BANK OF AMERICA, N.A.,

                Defendants.

IN THE COURT OF COMMON PLEAS
TWELFTH JUDICIAL CIRCUIT

Case No. 2026-CP-21-00542


**PROOF OF SERVICE**


I, the undersigned, have served **CT Corporation System** as registered agent for **Bank of America, N.A.** by U.S. Certified Mail, Return Receipt Requested on **March 16, 2026** with a **Summons & Complaint** in the above entitled-action as shown by the attached receipt.


            DAVE MAXFIELD, ATTORNEY, LLC

            s/ David A. Maxfield
            David A. Maxfield, Esq., SC Bar No. 7163
            P.O. Box 11865
            Columbia, SC 29211
            (803) 509-6800
            (855) 299-1656 (fax)
            dave@consumerlawsc.com


DATED: March 27, 2026



ELECTRONICALLY FILED - 2026 Mar 30 12:03 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

Date Produced: 03/23/2026

LETTERSTREAM:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 4298 0466 3511 12. Our records indicate that this item was delivered on 03/16/2026 at 11:48 a.m. in COLUMBIA, SC 29223. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

Dave Maxfield, Attorney, LLC
PO Box 11865
Columbia SC 29211-1865

0013560340000011

VIA CERTIFIED MAIL
CT Corporation System
2 Office Park Court, Suite 103
Columbia SC 29223



**USPS CERTIFIED MAIL**

**9214 8901 4298 0466 3511 12**

# See Important Information Enclosed

ELECTRONICALLY FILED - 2026 Mar 30 12:03 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

Dave Maxfield, Attorney, LLC
Phone: 803.509.6800
Toll Free Fax: 855.299.1656
Web: consumerlawsc.com

Mailing Address:          Physical Address:
P.O. Box 11865           SOCO 80808 Building
Columbia, SC 29211        808 D Lady Street
                          Columbia, SC 29201

Member, National Association of Consumer Advocates
Member, Public Investors Arbitration Bar Association

March 11, 2026

**VIA CERTIFIED MAIL**
CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

RE:     Detron Antonio Brown vs. OneMain Financial Group, LLC and Bank of America, N.A.
        Case No. 2026-CP-21-00542

Dear Sir or Madam:

Enclosed herewith and served upon you on behalf of **Bank of America, N.A.**, is a filed copy of a **Summons & Complaint** in the above matter.

Sincerely,

s/ Kristy Woodward
    Paralegal to Dave Maxfield

Enc.

ELECTRONICALLY FILED - 2026 Mar 30 12:03 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

DETRON ANTONIO BROWN,

                       Plaintiff,

-vs-

ONEMAIN FINANCIAL GROUP, LLC, and
BANK OF AMERICA, N.A.

                       Defendants.

IN THE COURT OF COMMON PLEAS

TWELFTH JUDICIAL CIRCUIT

Case No.

**SUMMONS**

TO:    THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

_____
Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: March 11, 2026

ELECTRONICALLY FILED - 2026 Mar 30 12:09 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

ELECTRONICALLY FILED - 2026 Mar 30 12:09 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | TWELFTH JUDICIAL CIRCUIT |
| DETRON ANTONIO BROWN, | |
| Plaintiff, | |
| v. | **COMPLAINT** |
| ONEMAIN FINANCIAL GROUP, LLC, and BANK OF AMERICA, N.A., | **(Jury Trial Requested)** |
| Defendants. | |

Plaintiff Detron Antonio Brown, by and through undersigned counsel, brings this action against Defendants One Main Financial Group, LLC and Bank of America, N.A. for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the South Carolina Identity Theft Protection Act, S.C. Code Ann. § 37-20-170.

## PARTIES AND JURISDICTION

1. Plaintiff Detron Antonio Brown is an adult individual and consumer as defined by 15 U.S.C. § 1681a(c). He resides at 1498 Summergate Drive, Florence, South Carolina 29501, within the jurisdiction of this Court.

2. Defendant OneMain Financial Group, LLC ("OneMain") is a foreign limited liability company engaged in consumer lending, with its principal place of business in Evansville, Indiana. OneMain is a "furnisher of information" under 15 U.S.C. § 1681s-2 and regularly furnishes consumer credit information to consumer reporting agencies throughout the United States, including in South Carolina.

3. Defendant Bank of America, N.A. ("Bank of America") is a national banking association engaged in consumer banking and credit, with its principal place of business in Charlotte, North Carolina. Bank of America is a "furnisher of information" under 15 U.S.C. § 1681s-2 and regularly furnishes consumer credit information to consumer reporting agencies throughout the United States, including in South Carolina.

1

ELECTRONICALLY FILED - 2026 Mar 30 12:09 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p, which provides for jurisdiction in any court of competent jurisdiction, and pursuant to S.C. Code Ann. § 37-20-170, which provides a private right of action in state court.

5. Venue is proper in this Court because Plaintiff resides in Florence County, and the harm occurred in this judicial district.

## FACTS

**The Identity Theft**

6. On or around November 21, 2024, Plaintiff became the victim of identity theft when, upon information and belief, his child's mother, Tynetra Latavia Greene, fraudulently used his personal information to open financial accounts without his knowledge or consent.

7. Ms. Greene had previously lived with Plaintiff. During that time, she obtained access to his personal identity documents—including his Social Security number, driver's license, and other identifying information.

8. Without Plaintiff's knowledge or authorization, Ms. Greene used his identity to open a personal loan with OneMain Financial in the amount of $15,950.79. The account number ends in *1185 and was opened November 21, 2024.

9. Without Plaintiff's knowledge or authorization, Ms. Greene also used his identity in connection with a Bank of America credit card account. The account number ends in *0317 and was opened July 5, 2019.

10. On December 16, 2024, Plaintiff discovered the fraudulent accounts on his credit report. He immediately reported the identity theft to the Florence County Sheriff's Office and filed a police report documenting the fraud. The report was assigned Case Number 2024-12-0362.

11. On May 23, 2025, Ms. Greene was arrested for fraud related to this and other identity theft schemes. During questioning, she admitted to having access to Plaintiff's identity documents and acknowledged her role in the fraudulent transactions, including opening accounts in Plaintiff's name without his authorization.

**The Disputes**

12. On July 9, 2025, Plaintiff sent written disputes to Experian, TransUnion, and Equifax. He provided copies of the police report, an identity theft affidavit, and proof of identity. He requested that the fraudulent OneMain and Bank of America accounts be blocked from his credit reports pursuant to 15 U.S.C. § 1681c-2.

13. Upon receiving Plaintiff's disputes, each consumer reporting agency notified the relevant furnisher pursuant to 15 U.S.C. § 1681i(a)(2), triggering each furnisher's obligations under 15 U.S.C. § 1681s-2(b).

14. Experian initially blocked the disputed accounts from Plaintiff's credit report, recognizing the dispute satisfied the requirements of 15 U.S.C. § 1681c-2.

15. TransUnion's credit report dated August 13, 2025, contains no trace of the fraudulent OneMain or Bank of America accounts, reflecting that TransUnion properly handled the dispute.

16. Innovis similarly blocked both accounts from Plaintiff's report. On August 13, 2025, Innovis confirmed in writing: "Blocked - The item(s) listed below have been blocked from your Innovis Credit Report: ONEMAIN 4...1185" and "BANK OF AMERICA 4...0317."

**OneMain's Unreasonable Investigation**

17. OneMain received notice of Plaintiff's identity theft dispute from Equifax via Automated Consumer Dispute Verification ("ACDV"). The dispute was expressly coded as: "CLAIMS TRUE IDENTITY FRAUD - ACCOUNT FRAUDULENTLY OPENED INITIATE INVESTIGATION."

18. Despite this express notice of identity fraud, OneMain responded to the ACDV on August 4, 2025, with the code: "Verified as Reported." OneMain took no steps to delete or modify the account.

19. OneMain's investigation was unreasonable. It consisted of nothing more than a review of the very documents the identity thief used to open the fraudulent account—documents that would be available to any identity thief who successfully opened an account in the victim's name. A forged or fraudulently obtained application does not disprove identity theft; it is precisely what an identity theft victim would expect a thief to submit.

20. In connection with Experian's handling of the dispute, OneMain submitted a block rescission request on July 28, 2025. OneMain cited as supporting evidence: (1) an original or copy of a signed contract, and (2) a copy of consumer identification submitted by the consumer at the time of application. These are documents the identity thief herself obtained and submitted. They constitute no meaningful proof that Plaintiff authorized or was aware of the account.

21. OneMain's response verified a fraudulent address—230 N. Ebenezer Road, Florence, SC 29501-7505. This was the identity thief's address and had been used by Ms. Greene to open accounts in Plaintiff's name. OneMain verified it as part of Plaintiff's identifying information, demonstrating that OneMain failed to conduct any meaningful comparison of the dispute information against its records.

3

ELECTRONICALLY FILED - 2026 Mar 30 12:09 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

22. OneMain's investigation failed to consider the police report, the criminal charges and arrest warrants against Ms. Greene, her confession, the pattern of the account going 180 days past due within months of opening (consistent with identity theft), or Plaintiff's consistent position that he was a victim.

23. As a result of OneMain's verification, the fraudulent account was reinserted onto Plaintiff's Equifax credit report with a balance of $19,562 and $3,152 past due, continuing to damage Plaintiff's credit.

**Bank of America's Unreasonable Investigation**

24. Bank of America received notice of Plaintiff's identity theft disputes from the consumer reporting agencies, triggering its duties under 15 U.S.C. § 1681s-2(b).

25. Rather than conducting a reasonable investigation, Bank of America submitted a block rescission request to Experian on September 16, 2025. Bank of America cited as sole supporting evidence: "Account payment documentation (e.g.: Signed, canceled check, signed ACH authorization and debt from Consumer's bank account)."

26. The use of "payment documentation" as proof that Plaintiff authorized the Bank of America account is unreasonable as a basis for concluding that a disputed account is not the product of identity theft. Payment documentation reflects only that payments were made on the account—it does not establish that Plaintiff was the person who made or authorized those payments, particularly where the identity thief had access to Plaintiff's personal and financial information.

27. Bank of America's block rescission caused Experian to re-add the fraudulent Bank of America account to Plaintiff's credit report, notwithstanding the clear identity theft documentation Plaintiff had provided.

28. Bank of America's investigation failed to consider the police report, the criminal arrest and confession, the fact that TransUnion and Innovis had blocked these same accounts based on identical documentation, or Plaintiff's clear assertion that he never opened, used, or authorized the account.

**Harm to Plaintiff**

29. As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff has suffered damage to his credit score and creditworthiness, denial of credit or credit on unfavorable terms, emotional distress, time and expense correcting the fraudulent reporting, and ongoing harm from the continued presence of these fraudulent accounts on his credit file.

ELECTRONICALLY FILED - 2026 Mar 30 12:09 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

ELECTRONICALLY FILED - 2026 Mar 30 12:09 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

**FOR A FIRST CAUSE OF ACTION**

**(Negligent Violations of the FCRA, 15 U.S.C. § 1681s-2(b), Against All Defendants)**

30. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

31. The FCRA, at 15 U.S.C. § 1681s-2(b), imposes specific duties on furnishers upon receipt of notice of a consumer dispute from a consumer reporting agency. A furnisher must investigate, review all relevant information provided by the consumer reporting agency, report the results, and modify, delete, or permanently block the reporting of information found to be incomplete or inaccurate.

32. OneMain received notice from Equifax of Plaintiff's identity theft dispute expressly coded as "CLAIMS TRUE IDENTITY FRAUD - ACCOUNT FRAUDULENTLY OPENED INITIATE INVESTIGATION," triggering its duties under 15 U.S.C. § 1681s-2(b).

33. OneMain negligently failed to conduct a reasonable investigation. OneMain relied solely on documents used to open the account—documents the identity thief herself submitted—as proof the account was legitimate. OneMain failed to review the police report and identity theft documentation. OneMain verified a fraudulent address associated with the identity thief as Plaintiff's address without meaningful scrutiny. And OneMain returned a "Verified As Reported" response on an account that was the product of identity fraud.

34. Bank of America received notice of Plaintiff's identity theft disputes from one or more consumer reporting agencies, triggering its duties under 15 U.S.C. § 1681s-2(b).

35. Bank of America negligently failed to conduct a reasonable investigation. Bank of America relied on "payment documentation" as proof the account was legitimate without determining who made the payments or whether Plaintiff authorized them. Bank of America failed to review the police report and identity theft documentation. And Bank of America submitted a block rescission that caused the fraudulent account to be re-reported to Plaintiff's detriment.

36. Each Defendant's investigation was objectively unreasonable given the police report, the arrest and confession of the identity thief, the pattern of delinquency consistent with fraud, and the fact that TransUnion and Innovis properly handled identical disputes based on the same documentation.

37. As a direct and proximate result of Defendants' negligent violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages as described herein, and is entitled to recovery under 15 U.S.C. § 1681o.

**FOR A SECOND CAUSE OF ACTION**

**(Willful Violations of the FCRA, 15 U.S.C. § 1681s-2(b), Against All Defendants)**

38. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

39. Defendants' violations of 15 U.S.C. § 1681s-2(b) were willful within the meaning of 15 U.S.C. § 1681n, in that Defendants acted with reckless disregard for Plaintiff's rights under the statute. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007).

40. OneMain's conduct was willful. OneMain received express notice that the dispute involved "TRUE IDENTITY FRAUD" and that an investigation was required, yet it merely verified the existence of documents the identity thief herself submitted. OneMain knew or should have known that a signed application or identification documents do not disprove identity theft—identity thieves routinely submit fraudulent or forged documents to open accounts. OneMain disregarded the police report, the arrest and confession, and the pattern of delinquency consistent with fraud. OneMain's conduct was objectively unreasonable given the well-established legal standard that a furnisher's investigation must be adequate under the totality of the circumstances.

41. Bank of America's conduct was willful. Bank of America relied exclusively on "payment documentation" to rescind the block when it knew or should have known that such documentation does not establish that Plaintiff authorized the account or the payments. Bank of America disregarded the police report, arrest, and confession that established identity theft as objective fact. Bank of America submitted a block rescission even though TransUnion and Innovis had properly blocked the same account based on the same documentation. Bank of America's investigation was objectively unreasonable and demonstrated reckless disregard for Plaintiff's statutory rights.

42. Defendants' conduct was objectively unreasonable given the express identity fraud coding on the dispute, the police report and arrest and confession of Ms. Greene, the comparator evidence showing TransUnion and Innovis properly blocked these same accounts using identical documentation, and the well-established principle that the mere existence of an application or payment record does not disprove identity theft.

43. As a direct and proximate result of Defendants' willful violations of 15 U.S.C. § 1681s-2(b), Plaintiff is entitled to actual damages, statutory damages of not less than $100 nor more than $1,000 per violation, punitive damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

ELECTRONICALLY FILED - 2026 Mar 30 12:09 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

**FOR A THIRD CAUSE OF ACTION**

**(Violations of the South Carolina Identity Theft Protection Act, S.C. Code Ann. § 37-20-170, Against All Defendants)**

44. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

45. The South Carolina Identity Theft Protection Act, S.C. Code Ann. § 37-20-170, provides that a person who suffers any ascertainable loss of money or property as a result of a violation of the Act may bring an action for recovery of actual damages or two hundred dollars, whichever is greater, plus an amount equal to three times the actual damages sustained, along with reasonable attorneys' fees.

46. Plaintiff is a "consumer" as defined under South Carolina law and a resident of this State.

47. Plaintiff is a victim of identity theft as that term is understood under South Carolina law, having had his personal identifying information misappropriated by Ms. Greene to fraudulently open accounts in his name.

48. Defendants, as furnishers of consumer credit information, were on actual notice of Plaintiff's identity theft through the disputes, police report, identity theft affidavit, and the express identity fraud coding on the ACDV disputes transmitted to them.

49. Defendants violated the South Carolina Identity Theft Protection Act by continuing to furnish and report information they knew or should have known was the product of identity theft, thereby perpetuating the harm caused to Plaintiff by the identity theft, damaging his credit, and preventing him from obtaining relief to which he was entitled.

50. Defendants' continued reporting of fraudulent account information—after receiving notice of the identity theft and the specific documentation supporting it—constitutes an unfair and deceptive act or practice causing Plaintiff ascertainable loss.

51. As a direct and proximate result of Defendants' violations of S.C. Code Ann. § 37-20-170, Plaintiff has suffered ascertainable losses including damage to his credit, emotional distress, time and expense spent correcting the fraud, and inability to obtain credit on favorable terms.

52. Plaintiff is entitled to recover actual damages or two hundred dollars, whichever is greater, treble damages, reasonable attorneys' fees, and any other relief this Court deems appropriate.

ELECTRONICALLY FILED - 2026 Mar 30 12:09 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Detron Antonio Brown respectfully requests that this Court enter judgment in his favor and against Defendants OneMain Financial Group, LLC and Bank of America, N.A., jointly and severally where applicable, and award the following relief:

a.  Actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. §§ 1681n and 1681o and S.C. Code Ann. § 37-20-170;

b.  Statutory damages of not less than $100 nor more than $1,000 per willful violation pursuant to 15 U.S.C. § 1681n;

c.  Punitive damages in an amount to be determined at trial for willful violations of the FCRA pursuant to 15 U.S.C. § 1681n;

d.  Treble damages pursuant to S.C. Code Ann. § 37-20-170;

e.  Reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o and S.C. Code Ann. § 37-20-170;

f.  An order directing Defendants to correct their reporting to all consumer reporting agencies by permanently deleting all references to the fraudulent OneMain account ending in *1185 and the fraudulent Bank of America account ending in *0317 from Plaintiff's consumer credit file;

g.  An order directing Defendants to cease and desist from reporting the fraudulent accounts as belonging to Plaintiff; and

h.  Such other and further relief as this Court deems just and proper.

Respectfully submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq.
SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

March 9, 2026

8

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

DETRON ANTONIO BROWN,
                                    Plaintiff,
    Vs.

ONEMAIN FINANCIAL GROUP, LLC, and
BANK OF AMERICA, N.A.,
                                    Defendants,

IN THE COURT OF COMMON PLEAS
TWELFTH JUDICIAL CIRCUIT

Case No. 2026-CP-21-00542

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby swear and affirm that on **March 11, 2026**, I served the foregoing

**Summons & Complaint**, by sending a copy of same by United States Mail, First Class,

Certified Mail, Return-Receipt Requested to the following:

CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223
*(on behalf of OneMain Financial Group, LLC)*

CT Corporation System
2 Office Park Court, Ste. 103
Columbia, SC 29223
*(on behalf of Bank of America, N.A.)*

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: March 11, 2026

ELECTRONICALLY FILED - 2026 Mar 30 12:03 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

# USPS Tracking®

FAQs >

**Tracking Number:**

## 921489014298046635 1112

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to the front desk, reception area, or mail room at 11:48 am on March 16, 2026 in COLUMBIA, SC 29223.

---

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered
**Delivered, Front Desk/Reception/Mail Room**

COLUMBIA, SC 29223
March 16, 2026, 11:48 am

**Redelivery Scheduled for Next Business Day**

COLUMBIA, SC 29223
March 14, 2026, 9:27 am

**Arrived at USPS Regional Destination Facility**

COLUMBIA SC PROCESSING CENTER
March 13, 2026, 5:41 am

**Shipment Received, Package Acceptance Pending**

PHOENIX, AZ 85026
March 11, 2026, 10:28 pm

**Arrived at USPS Regional Origin Facility**

PHOENIX AZ DISTRIBUTION CENTER
March 11, 2026, 9:19 pm

**Accepted at USPS Regional Origin Facility**

Remove ✕

ELECTRONICALLY FILED - 2026 Mar 30 12:03 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

Feedback

PHOENIX AZ DISTRIBUTION CENTER
March 11, 2026, 8:04 pm

**Pre-Shipment, USPS Awaiting Item**

March 11, 2026

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

| Text & Email Updates | ⌄ |
|---|---|

| Return Receipt Electronic | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

ELECTRONICALLY FILED - 2026 Mar 30 12:03 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

ELECTRONICALLY FILED - 2026 Mar 30 11:58 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

DETRON ANTONIO BROWN,

Plaintiff,

Vs.

ONEMAIN FINANCIAL GROUP, LLC and
BANK OF AMERICA, N.A.,

Defendants.

IN THE COURT OF COMMON PLEAS
TWELFTH JUDICIAL CIRCUIT

Case No. 2026-CP-21-00542

**PROOF OF SERVICE**

I, the undersigned, have served **CT Corporation System** as registered agent for **OneMain**

**Financial Group, LLC,** by U.S. Certified Mail, Return Receipt Requested on **March 16, 2026**

with a **Summons & Complaint** in the above entitled-action as shown by the attached receipt.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

David A. Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: March 27, 2026

ELECTRONICALLY FILED - 2026 Mar 30 11:58 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

**UNITED STATES POSTAL SERVICE**

Date Produced: 03/23/2026

LETTERSTREAM:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 4298 0466 3514 19. Our records indicate that this item was delivered on 03/16/2026 at 11:49 a.m. in COLUMBIA, SC 29223. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

Dave Maxfield, Attorney, LLC
PO Box 11865
Columbia SC 29211-1865



**USPS CERTIFIED MAIL**

**9214 8901 4298 0466 3514 19**

0013560420000011



VIA CERTIFIED MAIL
CT Corporation System
2 Office Park Court, Suite 103
Columbia SC 29223

# See Important Information Enclosed

ELECTRONICALLY FILED - 2026 Mar 30 11:58 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

**davemaxfield**
CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
Phone: 803.509.6800
Toll Free Fax: 855.299.1656
Web: consumerlawsc.com

Mailing Address:          Physical Address:
P.O. Box 11865           SOCO 80808 Building
Columbia, SC 29211       808 D Lady Street
                         Columbia, SC 29201

Member, National Association of Consumer Advocates
Member, Public Investors Arbitration Bar Association

March 11, 2026

**VIA CERTIFIED MAIL**
CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

RE:    Detron Antonio Brown vs. OneMain Financial Group, LLC and Bank of America, N.A.
       Case No. 2026-CP-21-00542

Dear Sir or Madam:

Enclosed herewith and served upon you on behalf of **OneMain Financial Group, LLC**, is a filed copy of a **Summons & Complaint** in the above matter.

Sincerely,

s/ Kristy Woodward
   Paralegal to Dave Maxfield

Enc.

ELECTRONICALLY FILED - 2026 Mar 30 11:58 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

ELECTRONICALLY FILED - 2026 Mar 30 10:59 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | TWELFTH JUDICIAL CIRCUIT |
| DETRON ANTONIO BROWN, | |
| Plaintiff, | Case No. |
| -vs- | |
| ONEMAIN FINANCIAL GROUP, LLC, and BANK OF AMERICA, N.A. | **SUMMONS** |
| Defendants. | |

TO:    THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

_____
Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: March 11, 2026

ELECTRONICALLY FILED - 2026 Mar 30 10:58 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | TWELFTH JUDICIAL CIRCUIT |
| DETRON ANTONIO BROWN, | |
| Plaintiff, | |
| v. | COMPLAINT |
| ONEMAIN FINANCIAL GROUP, LLC, and BANK OF AMERICA, N.A., | (Jury Trial Requested) |
| Defendants. | |

Plaintiff Detron Antonio Brown, by and through undersigned counsel, brings this action against Defendants One Main Financial Group, LLC and Bank of America, N.A. for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the South Carolina Identity Theft Protection Act, S.C. Code Ann. § 37-20-170.

## PARTIES AND JURISDICTION

1. Plaintiff Detron Antonio Brown is an adult individual and consumer as defined by 15 U.S.C. § 1681a(c). He resides at 1498 Summergate Drive, Florence, South Carolina 29501, within the jurisdiction of this Court.

2. Defendant OneMain Financial Group, LLC ("OneMain") is a foreign limited liability company engaged in consumer lending, with its principal place of business in Evansville, Indiana. OneMain is a "furnisher of information" under 15 U.S.C. § 1681s-2 and regularly furnishes consumer credit information to consumer reporting agencies throughout the United States, including in South Carolina.

3. Defendant Bank of America, N.A. ("Bank of America") is a national banking association engaged in consumer banking and credit, with its principal place of business in Charlotte, North Carolina. Bank of America is a "furnisher of information" under 15 U.S.C. § 1681s-2 and regularly furnishes consumer credit information to consumer reporting agencies throughout the United States, including in South Carolina.

1

ELECTRONICALLY FILED - 2026 Mar 30 10:59 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p, which provides for jurisdiction in any court of competent jurisdiction, and pursuant to S.C. Code Ann. § 37-20-170, which provides a private right of action in state court.

5. Venue is proper in this Court because Plaintiff resides in Florence County, and the harm occurred in this judicial district.

## FACTS

### The Identity Theft

6. On or around November 21, 2024, Plaintiff became the victim of identity theft when, upon information and belief, his child's mother, Tynetra Latavia Greene, fraudulently used his personal information to open financial accounts without his knowledge or consent.

7. Ms. Greene had previously lived with Plaintiff. During that time, she obtained access to his personal identity documents—including his Social Security number, driver's license, and other identifying information.

8. Without Plaintiff's knowledge or authorization, Ms. Greene used his identity to open a personal loan with OneMain Financial in the amount of $15,950.79. The account number ends in *1185 and was opened November 21, 2024.

9. Without Plaintiff's knowledge or authorization, Ms. Greene also used his identity in connection with a Bank of America credit card account. The account number ends in *0317 and was opened July 5, 2019.

10. On December 16, 2024, Plaintiff discovered the fraudulent accounts on his credit report. He immediately reported the identity theft to the Florence County Sheriff's Office and filed a police report documenting the fraud. The report was assigned Case Number 2024-12-0362.

11. On May 23, 2025, Ms. Greene was arrested for fraud related to this and other identity theft schemes. During questioning, she admitted to having access to Plaintiff's identity documents and acknowledged her role in the fraudulent transactions, including opening accounts in Plaintiff's name without his authorization.

### The Disputes

12. On July 9, 2025, Plaintiff sent written disputes to Experian, TransUnion, and Equifax. He provided copies of the police report, an identity theft affidavit, and proof of identity. He requested that the fraudulent OneMain and Bank of America accounts be blocked from his credit reports pursuant to 15 U.S.C. § 1681c-2.

ELECTRONICALLY FILED - 2026 Mar 30 10:58 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

13. Upon receiving Plaintiff's disputes, each consumer reporting agency notified the relevant furnisher pursuant to 15 U.S.C. § 1681i(a)(2), triggering each furnisher's obligations under 15 U.S.C. § 1681s-2(b).

14. Experian initially blocked the disputed accounts from Plaintiff's credit report, recognizing the dispute satisfied the requirements of 15 U.S.C. § 1681c-2.

15. TransUnion's credit report dated August 13, 2025, contains no trace of the fraudulent OneMain or Bank of America accounts, reflecting that TransUnion properly handled the dispute.

16. Innovis similarly blocked both accounts from Plaintiff's report. On August 13, 2025, Innovis confirmed in writing: "Blocked - The item(s) listed below have been blocked from your Innovis Credit Report: ONEMAIN 4...1185" and "BANK OF AMERICA 4...0317."

**OneMain's Unreasonable Investigation**

17. OneMain received notice of Plaintiff's identity theft dispute from Equifax via Automated Consumer Dispute Verification ("ACDV"). The dispute was expressly coded as: "CLAIMS TRUE IDENTITY FRAUD - ACCOUNT FRAUDULENTLY OPENED INITIATE INVESTIGATION."

18. Despite this express notice of identity fraud, OneMain responded to the ACDV on August 4, 2025, with the code: "Verified as Reported." OneMain took no steps to delete or modify the account.

19. OneMain's investigation was unreasonable. It consisted of nothing more than a review of the very documents the identity thief used to open the fraudulent account—documents that would be available to any identity thief who successfully opened an account in the victim's name. A forged or fraudulently obtained application does not disprove identity theft; it is precisely what an identity theft victim would expect a thief to submit.

20. In connection with Experian's handling of the dispute, OneMain submitted a block rescission request on July 28, 2025. OneMain cited as supporting evidence: (1) an original or copy of a signed contract, and (2) a copy of consumer identification submitted by the consumer at the time of application. These are documents the identity thief herself obtained and submitted. They constitute no meaningful proof that Plaintiff authorized or was aware of the account.

21. OneMain's response verified a fraudulent address—230 N. Ebenezer Road, Florence, SC 29501-7505. This was the identity thief's address and had been used by Ms. Greene to open accounts in Plaintiff's name. OneMain verified it as part of Plaintiff's identifying information, demonstrating that OneMain failed to conduct any meaningful comparison of the dispute information against its records.

3

22. OneMain's investigation failed to consider the police report, the criminal charges and arrest warrants against Ms. Greene, her confession, the pattern of the account going 180 days past due within months of opening (consistent with identity theft), or Plaintiff's consistent position that he was a victim.

23. As a result of OneMain's verification, the fraudulent account was reinserted onto Plaintiff's Equifax credit report with a balance of $19,562 and $3,152 past due, continuing to damage Plaintiff's credit.

## Bank of America's Unreasonable Investigation

24. Bank of America received notice of Plaintiff's identity theft disputes from the consumer reporting agencies, triggering its duties under 15 U.S.C. § 1681s-2(b).

25. Rather than conducting a reasonable investigation, Bank of America submitted a block rescission request to Experian on September 16, 2025. Bank of America cited as sole supporting evidence: "Account payment documentation (e.g.: Signed, canceled check, signed ACH authorization and debt from Consumer's bank account)."

26. The use of "payment documentation" as proof that Plaintiff authorized the Bank of America account is unreasonable as a basis for concluding that a disputed account is not the product of identity theft. Payment documentation reflects only that payments were made on the account— it does not establish that Plaintiff was the person who made or authorized those payments, particularly where the identity thief had access to Plaintiff's personal and financial information.

27. Bank of America's block rescission caused Experian to re-add the fraudulent Bank of America account to Plaintiff's credit report, notwithstanding the clear identity theft documentation Plaintiff had provided.

28. Bank of America's investigation failed to consider the police report, the criminal arrest and confession, the fact that TransUnion and Innovis had blocked these same accounts based on identical documentation, or Plaintiff's clear assertion that he never opened, used, or authorized the account.

## Harm to Plaintiff

29. As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff has suffered damage to his credit score and creditworthiness, denial of credit or credit on unfavorable terms, emotional distress, time and expense correcting the fraudulent reporting, and ongoing harm from the continued presence of these fraudulent accounts on his credit file.

ELECTRONICALLY FILED - 2026 Mar 30 10:59 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

4

**FOR A FIRST CAUSE OF ACTION**

**(Negligent Violations of the FCRA, 15 U.S.C. § 1681s-2(b), Against All Defendants)**

30. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

31. The FCRA, at 15 U.S.C. § 1681s-2(b), imposes specific duties on furnishers upon receipt of notice of a consumer dispute from a consumer reporting agency. A furnisher must investigate, review all relevant information provided by the consumer reporting agency, report the results, and modify, delete, or permanently block the reporting of information found to be incomplete or inaccurate.

32. OneMain received notice from Equifax of Plaintiff's identity theft dispute expressly coded as "CLAIMS TRUE IDENTITY FRAUD - ACCOUNT FRAUDULENTLY OPENED INITIATE INVESTIGATION," triggering its duties under 15 U.S.C. § 1681s-2(b).

33. OneMain negligently failed to conduct a reasonable investigation. OneMain relied solely on documents used to open the account—documents the identity thief herself submitted—as proof the account was legitimate. OneMain failed to review the police report and identity theft documentation. OneMain verified a fraudulent address associated with the identity thief as Plaintiff's address without meaningful scrutiny. And OneMain returned a "Verified As Reported" response on an account that was the product of identity fraud.

34. Bank of America received notice of Plaintiff's identity theft disputes from one or more consumer reporting agencies, triggering its duties under 15 U.S.C. § 1681s-2(b).

35. Bank of America negligently failed to conduct a reasonable investigation. Bank of America relied on "payment documentation" as proof the account was legitimate without determining who made the payments or whether Plaintiff authorized them. Bank of America failed to review the police report and identity theft documentation. And Bank of America submitted a block rescission that caused the fraudulent account to be re-reported to Plaintiff's detriment.

36. Each Defendant's investigation was objectively unreasonable given the police report, the arrest and confession of the identity thief, the pattern of delinquency consistent with fraud, and the fact that TransUnion and Innovis properly handled identical disputes based on the same documentation.

37. As a direct and proximate result of Defendants' negligent violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages as described herein, and is entitled to recovery under 15 U.S.C. § 1681o.

5

ELECTRONICALLY FILED - 2026 Mar 30 10:58 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

**FOR A SECOND CAUSE OF ACTION**

**(Willful Violations of the FCRA, 15 U.S.C. § 1681s-2(b), Against All Defendants)**

38. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

39. Defendants' violations of 15 U.S.C. § 1681s-2(b) were willful within the meaning of 15 U.S.C. § 1681n, in that Defendants acted with reckless disregard for Plaintiff's rights under the statute. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007).

40. OneMain's conduct was willful. OneMain received express notice that the dispute involved "TRUE IDENTITY FRAUD" and that an investigation was required, yet it merely verified the existence of documents the identity thief herself submitted. OneMain knew or should have known that a signed application or identification documents do not disprove identity theft—identity thieves routinely submit fraudulent or forged documents to open accounts. OneMain disregarded the police report, the arrest and confession, and the pattern of delinquency consistent with fraud. OneMain's conduct was objectively unreasonable given the well-established legal standard that a furnisher's investigation must be adequate under the totality of the circumstances.

41. Bank of America's conduct was willful. Bank of America relied exclusively on "payment documentation" to rescind the block when it knew or should have known that such documentation does not establish that Plaintiff authorized the account or the payments. Bank of America disregarded the police report, arrest, and confession that established identity theft as objective fact. Bank of America submitted a block rescission even though TransUnion and Innovis had properly blocked the same account based on the same documentation. Bank of America's investigation was objectively unreasonable and demonstrated reckless disregard for Plaintiff's statutory rights.

42. Defendants' conduct was objectively unreasonable given the express identity fraud coding on the dispute, the police report and arrest and confession of Ms. Greene, the comparator evidence showing TransUnion and Innovis properly blocked these same accounts using identical documentation, and the well-established principle that the mere existence of an application or payment record does not disprove identity theft.

43. As a direct and proximate result of Defendants' willful violations of 15 U.S.C. § 1681s-2(b), Plaintiff is entitled to actual damages, statutory damages of not less than $100 nor more than $1,000 per violation, punitive damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

6

ELECTRONICALLY FILED - 2026 Mar 30 10:58 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

**FOR A THIRD CAUSE OF ACTION**

**(Violations of the South Carolina Identity Theft Protection Act, S.C. Code Ann. § 37-20-170, Against All Defendants)**

44. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

45. The South Carolina Identity Theft Protection Act, S.C. Code Ann. § 37-20-170, provides that a person who suffers any ascertainable loss of money or property as a result of a violation of the Act may bring an action for recovery of actual damages or two hundred dollars, whichever is greater, plus an amount equal to three times the actual damages sustained, along with reasonable attorneys' fees.

46. Plaintiff is a "consumer" as defined under South Carolina law and a resident of this State.

47. Plaintiff is a victim of identity theft as that term is understood under South Carolina law, having had his personal identifying information misappropriated by Ms. Greene to fraudulently open accounts in his name.

48. Defendants, as furnishers of consumer credit information, were on actual notice of Plaintiff's identity theft through the disputes, police report, identity theft affidavit, and the express identity fraud coding on the ACDV disputes transmitted to them.

49. Defendants violated the South Carolina Identity Theft Protection Act by continuing to furnish and report information they knew or should have known was the product of identity theft, thereby perpetuating the harm caused to Plaintiff by the identity theft, damaging his credit, and preventing him from obtaining relief to which he was entitled.

50. Defendants' continued reporting of fraudulent account information—after receiving notice of the identity theft and the specific documentation supporting it—constitutes an unfair and deceptive act or practice causing Plaintiff ascertainable loss.

51. As a direct and proximate result of Defendants' violations of S.C. Code Ann. § 37-20-170, Plaintiff has suffered ascertainable losses including damage to his credit, emotional distress, time and expense spent correcting the fraud, and inability to obtain credit on favorable terms.

52. Plaintiff is entitled to recover actual damages or two hundred dollars, whichever is greater, treble damages, reasonable attorneys' fees, and any other relief this Court deems appropriate.

ELECTRONICALLY FILED - 2026 Mar 30 10:59 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Detron Antonio Brown respectfully requests that this Court enter judgment in his favor and against Defendants OneMain Financial Group, LLC and Bank of America, N.A., jointly and severally where applicable, and award the following relief:

a. Actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. §§ 1681n and 1681o and S.C. Code Ann. § 37-20-170;

b. Statutory damages of not less than $100 nor more than $1,000 per willful violation pursuant to 15 U.S.C. § 1681n;

c. Punitive damages in an amount to be determined at trial for willful violations of the FCRA pursuant to 15 U.S.C. § 1681n;

d. Treble damages pursuant to S.C. Code Ann. § 37-20-170;

e. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o and S.C. Code Ann. § 37-20-170;

f. An order directing Defendants to correct their reporting to all consumer reporting agencies by permanently deleting all references to the fraudulent OneMain account ending in *1185 and the fraudulent Bank of America account ending in *0317 from Plaintiff's consumer credit file;

g. An order directing Defendants to cease and desist from reporting the fraudulent accounts as belonging to Plaintiff; and

h. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq.
SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

March 9, 2026

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

DETRON ANTONIO BROWN,

Plaintiff,

Vs.

ONEMAIN FINANCIAL GROUP, LLC, and
BANK OF AMERICA, N.A.,

Defendants,

IN THE COURT OF COMMON PLEAS
TWELFTH JUDICIAL CIRCUIT

Case No. 2026-CP-21-00542

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby swear and affirm that on **March 11, 2026**, I served the foregoing

**Summons & Complaint**, by sending a copy of same by United States Mail, First Class,

Certified Mail, Return-Receipt Requested to the following:

CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223
*(on behalf of OneMain Financial Group, LLC)*

CT Corporation System
2 Office Park Court, Ste. 103
Columbia, SC 29223
*(on behalf of Bank of America, N.A.)*

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: March 11, 2026

ELECTRONICALLY FILED - 2026 Mar 30 11:58 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

# USPS Tracking®

ELECTRONICALLY FILED - 2026 Mar 30 11:58 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

Remove ✕

**Tracking Number:**

## 9214890142980466351419

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to the front desk, reception area, or mail room at 11:49 am on March 16, 2026 in COLUMBIA, SC 29223.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

● **Delivered**
**Delivered, Front Desk/Reception/Mail Room**

COLUMBIA, SC 29223
March 16, 2026, 11:49 am

● **In Transit to Next Facility**

March 15, 2026

● **Arrived at USPS Regional Destination Facility**

COLUMBIA SC PROCESSING CENTER
March 14, 2026, 4:53 am

● **Arrived at USPS Regional Origin Facility**

PHOENIX AZ DISTRIBUTION CENTER
March 12, 2026, 5:51 pm

● **Accepted at USPS Regional Origin Facility**

PHOENIX AZ DISTRIBUTION CENTER
March 12, 2026, 4:36 pm

● **Shipment Received, Package Acceptance Pending**

Feedback



PHOENIX, AZ 85026
March 11, 2026, 10:28 pm

**Pre-Shipment, USPS Awaiting Item**

March 11, 2026

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Return Receipt Electronic** | ⌄ |
| **USPS Tracking Plus®** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

ELECTRONICALLY FILED - 2026 Mar 30 11:58 AM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

# Certificate of Electronic Notification

**Recipients**

**David Maxfield** - Notification transmitted on 03-30-2026 12:04:07 PM.

ELECTRONICALLY FILED - 2026 Mar 30 12:40 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

# Certificate of Electronic Notification

**Recipients**

**David Maxfield**  - Notification transmitted on 03-30-2026 11:58:59 AM.

ELECTRONICALLY FILED - 2026 Mar 30 12:40 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542

****** IMPORTANT NOTICE - READ THIS INFORMATION *****
## NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2026CP2100542

| | |
|---|---|
| **Official File Stamp:** | 03-30-2026 11:58:37 AM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Florence |
| **Case Caption:** | Detron Antonio Brown VS Onemain Financial Group Llc , defendant, et al |
| **Document(s) Submitted:** | Service/Certificate Of Service Certified Mail |
| | - Exhibit/Filing of Exhibits |
| | - Exhibit/Filing of Exhibits |
| | - Exhibit/Filing of Exhibits |
| **Filed by or on behalf of:** | David Andrew Maxfield |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

David Andrew Maxfield for Detron Antonio Brown

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Bank Of America Na

Onemain Financial Group Llc

ELECTRONICALLY FILED - 2026 Mar 30 12:40 PM - FLORENCE - COMMON PLEAS - CASE#2026CP2100542